UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES IRVING DALE, | ) | CIV. 16-4024-RAL |
| | ) | |
| Plaintiff, | ) | BRIEF IN SUPPORT OF |
| | ) | DEFENDANTS' MOTION TO DISMISS |
| vs. | ) | PLAINTIFF'S CURRENT CLAIM |
| | ) | OF DELIBERATE INDIFFERENCE |
| TRAVIS TJEERDSMA; TAMMY | ) | AND REQUEST FOR AN |
| DEJONG; JOSHUA KLIMEK; COREY | ) | EXTENSION OF TIME |
| TYLER; MARY CARPENTER; | ) | IN WHICH TO FILE AN ANSWER TO |
| UNKNOWN DEPARTMENT OF | ) | PLAINTIFF'S COMPLAINT |
| HEALTH EMPLOYEES, | ) | |
| | ) | |
| Defendants. | ) | |

The following brief is submitted by Defendants in support of their Motion to

Dismiss that portion of Plaintiff's Complaint wherein Plaintiff maintains that Dr.

Carpenter was deliberately indifferent to his serious medical needs when she

allegedly refused to treat his Hepatitis C.  A review of the Complaint filed herein

reveals that Plaintiff is alleging, inter alia, that "Defendants Mary Carpenter and

Unknown Department of Health Employees, have violated, and conspired to

violate, the Plaintiff's Eighth Amendment under the United States Constitution."

Dec. 1, p. 10, ¶ 58.[1]  According to Plaintiff, he "has been diagnosed with being

infected with the Hepatitis C virus; there is now a cure for the Hepatitis virus

which consists of treating the infected person with the drug called Harboni."

_____

[1] As noted by this Court, in its Opinion and Order Directing Service, dated March 17,
2016, although Plaintiff claims "Unknown Department of Health Employees" violated
his Eighth Amendment Rights, he "does not state any facts supporting this claim."
Doc. 8, pp. 10-11.  According to the Court, "the only Defendant who allegedly rejected
his treatment was Carpenter."  The Court, therefore, ordered that "Defendants
Unknown Department of Health Employees are dismissed."  Doc. 8, p. 11.

Doc. 1, p. 8, ¶ 43.  Plaintiff maintains that "in order for Dale (any other inmate) to receive the Harboni treatment for his Hepatitis C infection, Dale has to have it prescribed by a Hepatology specialist."  Doc. 1, p. 8, ¶ 44.

In his "Civil Rights Complaint and Legal Declaration," Plaintiff maintains that "on January 22, 2014, the Physicians Assistant at MDSP, Michael Joe Hanvey (who is a Defendant in the matter of *James Irvin Dale v. Tammy DeJong, et al.,* 14-CV-4102) submitted a request that Dale be referred to a Hepatology specialist for treatment of his Hepatitis C infection."  Doc. 1, p. 9, ¶ 45.  He complains that "on March 1, 2014, that request was denied by Defendant Mary Carpenter, who is the only member of the South Dakota DOC Utilization Management Committee (UMC)."  Doc. 1, p. 9, ¶ 46.  It is alleged that "before Dale can be prescribed Harboni he must have an appointment with a Hepatology specialist."  Doc. 1, p. 9, ¶ 47.

The Authorization Request referred to by Plaintiff was denied by Dr. Carpenter on March 1, 2014.  As Dr. Carpenter noted therein, "Inmate needs to have liver biopsy to see if he qualifies for treatment."  Plaintiff, in his "Civil Rights Complaint and Legal Declaration" filed on July 2, 2014 in *Dale v. DeJong, et al.,* Civ. No. 14-4102 (hereinafter referred to as *Dale II*), readily admits that "on March 26, 2014, a liver biopsy was performed on the Plaintiff at a medical clinic in Yankton, South Dakota.  *Dale II,* Doc. 1, p. 5, ¶ 31.[2]  As further indicated in said

---

[2] It is well established that "federal courts may take judicial notice of proceedings in other courts if they relate directly to the matters at issue."  *Donner v. Alcoa, Inc.,* 709 F.3d 694, 697 n.2 (8th Cir. 2013) (citing *United States v. Evans,* 690 F.3d 940, 943 (8th Cir. 2012).  Defendants, therefore, would respectfully ask the Court to take judicial notice of the proceedings in *Dale v. DeJong, et al.,* Civ. 14-4102-LLP.

Complaint filed in *Dale II*, "on March 31, 2014, the Plaintiff consulted with a nurse at MDSP and was told the results of his March 16, 2014 liver biopsy." *Dale II*, Doc. 1, p. 5, ¶ 32.  According to Plaintiff, he was later informed by the physician's assistant at the MDSP that, based on the results of said liver biopsy, he "was not eligible to receive the current Hepatitis C treatment (cure)." *Dale II*, Doc. 1, p. 5, ¶ 36.

Plaintiff, as in the present case, is therefore alleging that medical staff "violated the Plaintiff's Eighth Amendment Rights under the United States Constitution by refusing to treat the Plaintiff's Hepatitis C." *Dale II*, Doc. 1, p. 6, ¶ 45.  The court in that case is also being asked to order the Defendants therein to "immediately begin treating the Plaintiff for his Hepatitis C with the current (new) drug cocktail." *Dale II*, Doc. 1, p. 8, ¶ 2.  Due to the similarity/affinity of the issues raised in *Dale II*, as well as the relief being requested therein, Defendants would respectfully ask that the Court abstain from exercising its jurisdiction in this matter as to that count of Plaintiff's current Complaint alleging that Dr. Carpenter, in refusing to treat his Hepatitis C, was deliberately indifferent to his serious medical needs.  Defendants would submit that said claim should be dismissed herein and that Plaintiff pursue/litigate his purported claim of deliberate indifference in *Dale II*.

In that regard, Defendants are aware that federal courts have "a virtually unflagging obligation . . . to exercise the jurisdiction given them." *Spectra Communications Group, LLC v. City of Cameron, Missouri,* 806 F.3d 1113, 1121 (8th Cir. 2015).  It is well established, however, that abstention is appropriate in "exceptional circumstances."  Defendants would submit that, although, under

3

*Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct.
1236, 47 L.Ed.2d 483 (1976), there is no "parallel" state court litigation pending,
there is, as indicated above, "parallel" federal court litigation pending.  The
policies/considerations underlying *Colorado River* abstention are therefore equally
applicable in the instant case.

As noted in *Spectra Communications Group, LLC,* abstention is premised on
"considerations of wise judicial administration, giving due regard to conservation
of judicial resources and comprehensive disposition of litigation."  *Id.* at 1121
(citing *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246.  *See also Bank of Okla.,
N.A. v. Tharaldson Motel II, Inc.,* 671 F. Supp. 2d 1058, 1062 (N.D. 2009); *Mountain
Pure, LLC v. Turner Holdings, LLC,* 439 F.3d 920, 927 (8th Cir. 2006); *Federated
Rural Electric Insurance Corp. v. Arkansas Electric Cooperatives, Inc.,* 48 F.3d 294,
298 (8th Cir. 1995).  The most predominate factor for the Court to consider is
whether retaining jurisdiction will result in piecemeal litigation.  *Bank of Okla.* 671
F. Supp. 2d at 1065 (citing *Federated Rural Electric,* 48 F.3d at 297).  *See also
Spectra Communications Group,* 806 F.3d at 1121 (citing *Mountain Pure,* 439 F.3d
at 926).  Piecemeal litigation is said to occur "when different courts adjudicate the
identical issue, thereby duplicating judicial effort and potentially rendering
conflicting results."  *Republic Bank of Chicago v. Lighthouse Management Group,
Inc.,* 829 F. Supp. 2d 766, 777 (Minn. 2010) (citing *Romine v. Compuserve Corp,*
160 F.3d 337, 341 (6th Cir. 1998)).  *See also Bank of Okla.,* 671 F. Supp. 2d at
1065 (citing *Keating v. University of South Dakota,* 386 F. Supp. 2d 1096, 1103
(D.S.D. 2005)).

Defendants would further submit that the policies/considerations underlying the doctrine of collateral estoppel or issue preclusion also warrant dismissing the deliberate indifference claim now brought by Plaintiff based on Dr. Carpenter's alleged refusal to treat his Hepatitis C.  As noted in *Lyons v. Anderson,* 123 F. Supp. 2d 485, 491 (Iowa 2000), courts have "long recognized the principle that parties should not be permitted to litigate the same issue more than once."  It has been said that "issue preclusion serves a dual purpose in advancing this principle."  "First, it protects litigants from the vexation of relitigating identical issues with identical parties or those persons with a significant connected interest to the prior litigation."  *Id.*  It also "furthers the interest of judicial economy and efficiency by preventing unnecessary litigation."  *See also Haberer v. Woodbury County,* 188 F.3d 957, 961 (8th Cir. 1999); *In re Bird,* 2014 WL 2600167 (E.D. Ark.).  In addition to conserving judicial resources, this doctrine has also been said to "foster reliance on judicial action by minimizing the possibility of inconsistent decisions."  *Id.  See also Ideker v. PPG Industries, Inc.,* 788 F.3d 849, 852 (8th Cir. 2015) (citing *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)).

A review of the record herein will reveal that the concerns identified above are significant in the instant case.  As indicated elsewhere herein, Plaintiff's current claim that Defendants refused to provide him with a "cure for the Hepatitis C virus which consists of treating the infected person with a drug called Harboni" is similar, if not identical, to the claim raised by Plaintiff in *Dale II* that "there is now a new treatment for Hepatitis C which consists of a drug cocktail" and that Defendants refused to prescribe the same.  It is conceivable that the Court could

5

reach conflicting opinions on the same issue, a "result which is obviously undesirable and avoidable in this instance." *Spectra Communications Group,* 806 F.3d at 1121.

Defendants, therefore, would respectfully request the Court to dismiss the deliberate indifference claim raised by Plaintiff in his most current Complaint. Defendants would further ask that the time with which they have to file an answer to the remaining claims raised by Plaintiff be stayed by the Court pending a decision on their Motion to Dismiss.  Defendants would ask that they be granted twenty (20) days after a decision by the Court on said Motion in which to file their answer herein.  This extension of time will also allow counsel for Defendants the opportunity to obtain copies of Plaintiff's institutional file and review the same in order to fully and adequately respond to the remaining allegations raised by Plaintiff in his Complaint.

Dated this 14th day of April, 2016.

MARTY J. JACKLEY
ATTORNEY GENERAL

*/s/  Frank Geaghan*
Frank Geaghan
Assistant Attorney General
Office of the Attorney General
1302 East Highway 14, Suite 1
Pierre, South Dakota 57501
Telephone: (605) 773-3215

usdc_FG_James Dale-Brief for Motion to Dismiss (br)