UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
DEC 02 2016

| | |
|---|---|
| JAMES IRVING DALE,<br><br>    Plaintiff,<br><br>vs.<br><br>TRAVIS TJEERDSMA, TAMMY DEJONG, JOSHUA KLIMEK, COREY TYLER, MARY CARPENTER, UNKNOWN DEPARTMENT OF CORRECTIONS EMPLOYEES,<br><br>    Defendants. | 4:16-CV-04024-RAL<br><br><br>OPINION AND ORDER GRANTING MOTION FOR JOINDER AND GRANTING MOTION TO DISMISS |

Plaintiff James Irving Dale ("Dale") filed this lawsuit pursuant to 42 U.S.C. § 1983. Doc. 1. Dale was previously an inmate at the South Dakota State Penitentiary in Sioux Falls. Defendants now move to dismiss Dale's complaint, and Dale moves to join his claims to another case.

## I. PROCEDURAL BACKGROUND

Dale filed this complaint on February 10, 2016, pursuant to 42 U.S.C. § 1983. Doc. 1. He claimed that defendants retaliated against him, he claimed that Mary Carpenter and Department of Health employees violated his Eighth Amendment rights by being deliberately indifferent to his serious medical needs, and he claimed that defendants violated his rights under the First

Amendment and the Religious Land Use Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc. *Id.* ¶¶ 57-59.

Defendants now move to dismiss Dale's claims, arguing that Dale raised his medical claim in an earlier case case, *Dale v. DeJong, et al*, Civ. 14-4102-LLP. Doc. 14 at 1-2. Dale moves to join his claims to that case. Doc. 18. Defendants agree to consolidate the cases, but argue that Dale's First Amendment and RLUIPA claims should not be transferred because they do not rise out of the same facts as his claims in *Dale v. DeJong, et al*, Civ. 14-4102-LLP. *Id.*

## II.   DISCUSSION

### A.   First Amendment and RLUIPA Claim

In his complaint, Dale claimed that Darin Young and Unknown Department of Corrections Employees violated his rights under the First Amendment and RLUIPA by denying him kosher soap through the indigent commissary, even though soap made without animal products is available. *Id.* ¶¶ 49-54. The Court dismissed Young as a defendant. Doc. 8.

Dale seeks injunctive and declaratory relief for his alleged injuries. Under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of "adjudicative facts." This Court takes judicial notice of Dale's notice of change of address filed on November 17, 2016, *Dale v. Dejong et al*, 4:14-cv-04102-LLP at Doc. 88, which shows that Dale is no longer incarcerated at the South Dakota State Penintentiary, or in the South Dakota DOC system. *See* Fed. R. Evid 201; *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (courts

may take judicial notice of public records). Dale's claims for injunctive and declaratory relief are moot because he is no longer subject to the allegedly unconstitutional soap restrictions. *See Beaulieu v. Ludeman*, 690 F.3d 1017, 1024 (8th Cir. 2012) (holding moot plaintiffs' case because they had been transferred out of the "annex" where they argued their constitutional rights were violated, even though they speculated that they may be returned to the "annex"); *Gladson v. Iowa Dep't of Corr.*, 551 F.3d 825, 835 (8th Cir.2009) ("[B]ecause Howrey is no longer incarcerated at the ISP and subject to the allegedly offending policy, his claims are moot").

Dale does not seek damages against defendant Unknown Department of Corrections Employees. He seeks damages against Young, but Young has been dismissed. Because Dale's claims for injunctive and declaratory relief are moot and he does not seek damages, his claims under the First Amendment and RLUIPA are dismissed.

**B.     The Remainder of Dale's Claims**

Dale's retaliation and Eighth Amendment claims remain. Dale moves to consolidate these claims in the case *Dale v. DeJong, et al*, 4:14-CV-4102-LLP. Doc. 18. Defendants do not object to these claims being joined to Dale's other case. Doc. 20 at 3-6. These claims are either raised in that case or arise from the same set of facts that give rise to the claims in that case. Therefore, these claims will be transferred to *Dale v. DeJong, et al*, 4:14-CV-4102-LLP.

Corey Tyler, Tammy Dejong, and Unknown Department of Corrections Employees are already defendants in that case. Travis Tjeerdsma, Mary

3

Carpenter, and Joshua Klimek will be added as defendants in that case. Defendants object to the addition of Klimek to *Dale v. DeJong, et al*, 4:14-CV-4102-LLP. Doc. 20 at 4. If they wish to seek dismissal of Klimek as a defendant, they may do so in that case.

### III.    ORDER

Accordingly, it is ORDERED

1. Dale's Motion for Joinder (Doc. 18) is granted. Dale's retaliation claim and his medical claim concerning Hepatitis-C treatment are transferred to *Dale v. DeJong, et al*, 4:14-CV-4102-LLP. Travis Tjeerdsma, Mary Carpenter, and Joshua Klimek are added as defendants to that case.

2. Defendants' Motion to Dismiss (Doc. 14) is granted. Dale's First Amendment and RLUIPA claims concerning non-kosher soap are dismissed. Because these are the only remaining claims in this case, Dale's case is dismissed.

Dated ~~November~~ December 2, 2016.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

4